IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| COREY ALAN NOVOSEL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMELLA PATRICE WHITE, and ) <br> ERIE INSURANCE COMPANY, ) <br> ) <br> Defendants. ) <br> ) | 1:19CV365 |

**MEMORANDUM ORDER**

Plaintiff Corey Alan Novosel filed this action against Jamella Patrice White alleging negligence and Erie Insurance Company ("Erie") alleging breach of contract. (See Compl. [Doc #1].) This matter is before the Court on Novosel's Motion for Dismissal Without Prejudice ("Novosel's Motion") [Doc. #15.], White's Motion to Dismiss in Lieu of an Answer ("White's Motion") ([Doc. #9]), and Erie's Motion to Dismiss for Failure to State a Claim or in the Alternative Lack of Subject Matter Jurisdiction ("Erie's Motion") [Doc. #12]. For the reasons explained below, Novosel's Motion is GRANTED and White's Motion to Dismiss and Erie's Motion to Dismiss are denied as moot.

I.

On April 3, 2019, Novosel filed his Complaint, alleging negligence and breach of contract stemming from an automobile accident in Cabarrus County, North Carolina. (See generally Compl.) Novosel alleged that White's negligent

driving caused her vehicle to collide with another vehicle insured by Erie in which Novosel was a passenger. (Id. ¶¶ 9-12, 30.)  Novosel further alleged that Erie breached a contract "by failing to make payment to [him] under the uninsured/underinsured motorist provision of the applicable insurance policy." (Id. ¶ 33.)

On June 18, 2019, White filed a motion to dismiss to which she attached a release executed by Novosel and Ife Allette, the driver of the vehicle in which Novosel was a passenger. (White's Mot. [Doc. #10]; White's Mot. Attach. 1 [Doc. #10-1].)  On June 25, 2019, Erie moved to dismiss the Complaint and attached an insurance policy, which covered Novosel as the driver of a 2015 Dodge Challenger and Allette as the driver of a 2014 Honda Accord EX. (("Erie's Mot.") [Doc. #13]; Erie's Mot. Attach. 1 [Doc. #13-1].)

Before briefing on those two motions closed, Novosel moved to dismiss his complaint without prejudice on July 16, 2019. (Novosel's Mot. at 1.)  White responded in support of the dismissal but objected to Novosel's ability to refile a claim against her. (See White's Resp. at 1-2 [Doc. #16].)  In support of her argument, White attached the signed release executed by Novosel and Allette, arguing that their execution of the release acted as "a full and complete release" against her for all claims arising from the accident. (Id. at 1.)  Erie failed to respond to Novosel's Motion, and Novosel did not reply to White's argument. (See generally Docket.)

II.

Novosel seeks a voluntary dismissal without prejudice. A voluntary dismissal "is designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the Defendant has expended time and effort in the preparation of [the] case." Armstrong v. Frostie Co., 453 F.2d 914, 916 (4th Cir. 1971). Under Federal Rule of Civil Procedure 41, when a plaintiff files a notice of dismissal prior to a defendant's filing either an answer or a motion for summary judgment, the plaintiff "may dismiss an action without a court order." Fed. R. Civ. P. 41(a)(1)(A)(i); see Finley Lines Joint Protective Bd. Unit 200, Bhd. Ry. Carmen, a Div. of Transp. Commc'ns Union v. Norfolk S. Corp., 109 F.3d 993, 994 (4th Cir. 1997) (reversing the district court's decision to vacate plaintiffs' notice of voluntary dismissal because "at the time plaintiffs filed the notice, defendants had not answered the complaint, moved for summary judgment, or filed a motion to dismiss that had been treated as a motion for summary judgment").

Here, neither defendant has filed an answer, but both have moved to dismiss pursuant to Rule 12(b)(6) and Erie has also moved in the alternative to dismiss for lack of subject matter jurisdiction. The issue is whether either of their motions should be considered as a motion for summary judgment. When applying the plain language of Rule 12(b)(6) and Rule 41, a defendant's filing of a motion to dismiss under Rule 12(b)(6) does not constitute a motion for summary judgment under Rule 41(a)(1)(A)(i) unless the defendant submits "matters outside the pleadings" that

3

are "not excluded by the court." See Fed. R. Civ P. 12(d); see also Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993) (applying the plain language of Rule 41 and explaining that "'[w]e give the Federal Rules of Civil Procedure their plain meaning'" (citing Pavelic & LeFlore v. Marvel Entm't Grp., 493 U.S. 120, 123 (1989))). Thus, the discretion resides with the court to determine whether to consider extraneous materials that would convert a motion to dismiss into a motion for summary judgment. See Finley, 109 F.3d at 995-96 (examining "the proper interpretation and interrelation of Rule 41(a)(1)(i) and Rule 12(b)(6)", and explaining that "automatically convert[ing]" a motion to dismiss that attaches matters outside the pleadings into a motion for summary judgment at the time of service would contravene the discretion granted to the court under Rule 41(a)(1)).

Here, White attached a signed release to her motion, and Erie attached an insurance policy to its motion. Exercising its discretion, the Court declines to consider the release or the insurance policy, and, thus, neither motion will be converted into one for summary judgment.

Although the Defendants' motions are merely those pursuant to Rule 12, they were filed before Novosel moved for dismissal. When addressing the interplay of Rule 12 and Rule 41, the Fourth Circuit has explained:

> Rule 41(a)(1)(i) itself provides a defendant who wishes to "avoid wasting time or money" and "preclude future prejudice to its interests" with a simple remedy to prevent a plaintiff from sua sponte dismissing an action without prejudice: the defendant can file an answer or move for summary judgment. (citations omitted) If a

4

> defendant fails to pursue this remedy, it cannot circumvent the rule simply by serving the plaintiff with a motion to dismiss, supported by extraneous materials. A plaintiff confronted with such a response is free to invoke Rule 41(a)(1)(i).

Finley, 109 F.3d at 997.

Additionally, even when a plaintiff files a motion for voluntary dismissal after "apparently believing that [Defendants'] filing of a Rule 12(b)(6) motion ended [the] right of voluntary dismissal under Rule 41(a)(1)(i)", a voluntary dismissal under Rule 41(a)(1)(i) is proper when neither an answer nor a motion for summary judgment has been filed. Moore v. Davis, 72 F.R.D. 96, 97 (M.D.N.C. 1976) cited with approval in Kaplan Early Learning Co. v. Midbar Kodesh Temple, No. 1:03CV714, 2004 WL 1125433, at *1 (M.D.N.C. May 19, 2004). Therefore, under these facts, it matters not that Novosel seeks dismissal after Defendants already moved to dismiss the Complaint.

Moreover, a voluntary dismissal under Rule 41(a)(1)(i) "is available as a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." In Re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) (citing Marex, 2 F.3d at 546). As such, "a dismissal without prejudice 'operates to leave the parties as if no action had been brought at all.'" Id. (citing Dove v. CODESCO, 569 F.2d 807, 809 n.3 (4th Cir. 1978)). Further, unless the plaintiff has previously dismissed an action "based on or including the same claim" or the notice of dismissal states "otherwise", the action is dismissed without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

Here, Novosel requests a voluntary dismissal without prejudice. The record does not indicate that he previously voluntarily dismissed an action "based on or including the same claim[s]". Although White contends any dismissal should be with prejudice because of the purported signed release, the rule permits a dismissal without prejudice at this stage, and White can renew her position, where appropriate, should another action be filed.

Therefore, because neither an answer, a motion for summary judgment, nor a motion to dismiss that has been converted to a motion for summary judgment is before the Court, pursuant to Rule 41(a)(1)(A), Novosel could have voluntarily dismissed the action without leave of the Court. Accordingly, his motion is granted and this action is dismissed without prejudice.

III.

For the reasons explained in this Memorandum Order, IT IS HEREBY ORDERED that Corey Alan Novosel's Motion for Dismissal Without Prejudice [Doc. #15] is GRANTED and this action is dismissed without prejudice. IT IS FURTHER ORDERED that Jamella Patrice White's Motion to Dismiss [Doc. #9] and Erie Insurance Company's Motion to Dismiss [Doc. #12] are DENIED AS MOOT. A judgment dismissing this action will be entered contemporaneously with this Memorandum Order.

This the 6th day of December, 2019.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge